UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON GUTIERREZ,

                Petitioner,

-against-

JAIME LaMANNA, Superintendent Green Haven C.F.,

                Respondent.

19-CV-4387 (CM)

19-CV-4530 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Petitioner, currently incarcerated at Green Haven Correctional Facility, brings these *pro se* petitions for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the constitutionality of his May 10, 2019 amended judgment arising out of his November 6, 2002 conviction in the New York Supreme Court, Albany County.

    On May 17, 2019, Judge Gregory H. Woods transferred the 19-CV-4387 petition[1] to the United States Court of Appeals for the Second Circuit as a second or successive § 2254 petition, because Petitioner had previously filed an application for *habeas corpus* relief under § 2254 challenging the same November 6, 2002 conviction in *Gutierrez v. Perez*, No. 11-CV-0305 (JKS) (N.D.N.Y. Nov. 8, 2011). *See Gutierrez v. LaManna*, No. 19-CV-4387 (CM) (S.D.N.Y. May 17, 2019) (ECF No. 5) (noting that petition in 11-CV-0305 raised same challenge). For the same reason, on May 28, 2019, this Court transferred to the Court of Appeals as a second or successive § 2254 petition the 19-CV-4530 petition, which was a near duplicate of the 19-CV-4387 petition. *See Gutierrez v. LaManna*, No. 19-CV-4530 (CM) (S.D.N.Y. My 28, 2019) (ECF No. 3). When

---

[1] The Clerk of Court later reassigned the case to the undersigned.

Petitioner completed and mailed his § 2254 petitions to the Court, he had not yet been resentenced. But by the time the Court received the § 2254 petitions, he had been.

On June 1, 2019, Petitioner submitted to the Court of Appeals a motion for leave to file a successive § 2254 petition, expressly stating that he had been resentenced on May 10, 2019. Based on this representation, the Court of Appeals denied the motion as unnecessary, concluding that "Petitioner challenges his custody pursuant to an amended judgment issued in May 2019, after the filing of his first § 2254 petition." *Gutierrez v. LaManna*, Nos. 19-1465, 19-1589 (2d Cir. July 1, 2019)

Because Petitioner was convicted, sentenced, and resentenced in Albany County, which is located in the Northern District of New York, these actions are transferred under Local Rule 83.3 to the United States District Court for the Northern District of New York.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Petitioner, docket the order in both actions, and note service on both dockets.

The Clerk of Court is further directed to transfer these actions to the United States District Court for the Northern District of New York. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[2] This order closes this case.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

---

[2] Petitioner paid the $5.00 filing fee in the 19-CV-4387 action, but he did not pay the filing fee or submit an application to proceed *in forma pauperis* in the 19-CV-4530 action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 9, 2019
         New York, New York

                                         COLLEEN McMAHON
                                      Chief United States District Judge